# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

_____
                           :

S. FREEDMAN AND CO., INC.,      :
                           :

       Plaintiff,        :      Civil No. 06-3723 (RBK)
                           :

       v.            :      **OPINION**
                           :

MARVIN RAAB and         :
RAAB ENTERPRISES, INC. f/k/a  :
PHILADELPHIA FOODS, INC.,   :
                           :

       Defendant/       :
       Third-Party Plaintiff,  :
                           :

       v.            :
                           :

SUSAN FREEDMAN,       :
                           :

       Third-Party Defendant.  :
_____:

**KUGLER**, United States District Judge:

Presently before the Court is a motion by defendants Marvin Raab and Raab Enterprises, Inc. ("Defendants"), seeking an award of summary judgment against plaintiff S. Freedman and Co, Inc. ("Plaintiff"). Defendants' motion presents this Court with what appears to be an issue of first impression, namely whether the decision by a Court of Appeals to exercise its appellate jurisdiction pursuant to 28 U.S.C. § 1291 over an order dismissing a case without prejudice necessarily converts the dismissal to one with prejudice. Based on reasons set forth below, this Court answers this question in the affirmative, and will subsequently grant Defendants' motion for summary judgment.

I.      BACKGROUND

Plaintiff initially commenced this litigation by filing a Complaint ("First Complaint") in

this Court on March 5, 2004.  This action was assigned the Civil Action No. 04-cv-1119 (RBK).

This Court found the First Complaint to insufficiently allege the existence of this Court's

diversity jurisdiction, and therefore entered an Order dated November 24, 2004, directing

Plaintiff to cure the jurisdictional deficiencies within seven days.  After Plaintiff's inaction, this

Court entered an Order on December 10, 2004, noting that Plaintiff failed to amend the

Complaint to cure the jurisdictional deficiencies and dismissing the action.

On December 23, 2004, Plaintiff filed a motion for reconsideration, stating that it was

unaware of the Court's November 24, 2004 Order directing Plaintiff to cure jurisdictional

deficiencies.  On January 12, 2005, Plaintiff filed a Notice of Appeal with this Court, stating that

Plaintiff appealed this Court's December 10, 2004 Order to the United States Court of Appeals

for the Third Circuit.  This Court then entered an Order on January 20, 2005, dismissing without

prejudice Plaintiff's motion for reconsideration, as this Court stated that it lacked jurisdiction to

decide the motion after Plaintiff filed a notice of appeal.  On August 2, 2005, this Court entered

an Order vacating its January 20, 2005 Order and further denying Plaintiff's motion for

reconsideration on its merits.  In an Opinion dated May 10, 2006, the Third Circuit affirmed this

Court's December 10, 2004 Order dismissing Plaintiff's Complaint.

Plaintiff subsequently instituted the action presently before this Court by filing a

Complaint ("Second Complaint") in the Superior Court of New Jersey, Law Division, Camden

County, on June 12, 2006.  The substantive allegations contained in the Second Complaint are

identical or nearly identical to those contained in the First Complaint.  On August 9, 2006,

Defendants filed a Notice of Removal with this Court.  On September 14, 2006, Defendants filed

the motion for summary judgment presently before this Court.


II.     STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue

of material fact exists only if "the evidence is such that a reasonable jury could find for the

nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the Court

weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed,

and all justifiable inferences are to be drawn in his favor."  Id. at 255; see also Petruzzi's IGA

Supermarkets, Inc. v. Darling-Delaware Co., 998 F.2d 1224, 1230 (3d Cir. 1993) ("[S]ummary

judgment should be granted if, after drawing all reasonable inferences from the underlying facts

in the light most favorable to the nonmoving party, the court concludes that there is no genuine

issue of material fact to be resolved at trial and the moving party is entitled to judgment as a

matter of law.").  However, the nonmoving party must "do more than simply show that there is

some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio

Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party

must "make a showing sufficient to establish the existence of [every] element essential to that

party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at

322.

III.     DISCUSSION

In their motion for summary judgment, Defendants argue that this Court's December 10, 2004 Order dismissing Plaintiff's first complaint should be treated as dismissing the case with prejudice, and therefore have a res judicata effect.  "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Allen v. McMurray, 449 U.S. 90, 94 (1980).

As a preliminary matter, this Court notes that its December 10, 2004 Order was one which initially served to dismiss the case without prejudice.  While this Court's Order did not so specifically state, the dismissal of the First Complaint was made sua sponte, pursuant to Federal Rule of Civil Procedure 12(h)(3), which provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Such a dismissal acts as one without prejudice, as it cannot be made on the merits of the action.  See In re Orthopedic "Bone Screw" Prods. Liab. Litig., 132 F.3d 152, 155 (3d Cir. 1997) ("If a court then determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits. It has no authority to do so. . . . The disposition of such a case will, however, be without prejudice.").

Defendants assert, however, that while the action may have been dismissed with prejudice by this Court, the dismissal is nonetheless entitled to be treated as one made on the merits of the action once the Third Circuit exercised its appellate jurisdiction pursuant to 28 U.S.C. §1291.

Under § 1291, a Court of Appeals retains jurisdiction over appeals from "all final decisions" of a district court.  Dismissals pursuant to Rule 12(h)(3), which operate without

prejudice, are generally considered to fall outside of the appellate court's jurisdiction under

§ 1291. See Borelli v. Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam) ("Generally, an

order which dismisses a complaint without prejudice is neither final nor appealable because the

deficiency may be corrected by the plaintiff without affecting the cause of action.").  However,

certain exceptions exist that allow a court of appeals to exercise jurisdiction under § 1291 in such

a matter.  Specifically, a dismissal without prejudice is to be treated as a final and appealable

order when "the plaintiff no longer can amend the complaint because, for example, the statute of

limitations has run, or the plaintiff has elected to stand on the complaint."  Newark Branch,

N.A.A.C.P. v. Town of Harrison, 907 F.2d 1408, 1416-17 (3d Cir. 1990) (internal citations and

footnotes omitted); see also Nyhuis v. Reno, 204 F.3d 65, 68 n.2 (3d Cir. 2000) (stating that

appellate review of a dismissal without prejudice is appropriate if the appellate court determines

that the plaintiff "effectively stands on his original complaint"); Garber v. Lego, 11 F.3d 1197,

1198 n.1 (3d Cir. 1993) (stating that a dismissal without prejudice is final and appealable when

"the plaintiff can not amend its complaint or declares its intention to stand on the complaint").

   In the present case, Plaintiff's appellate brief asserted that the Third Circuit had

jurisdiction under § 1291, but contained no explanation for this assertion.  Moreover, the Third

Circuit's opinion stated only that "[w]e have jurisdiction under 28 U.S.C. § 1291 to review the

District Court's dismissal of the complaint for lack of subject matter jurisdiction."  S. Freedman

and Co., Inc. v. Raab, 180 F.App'x 316, 319 (3d Cir. 2006).  The Third Circuit made no explicit

reference to any findings regarding whether it considered the District Court's dismissal to be a

final order for purposes of jurisdiction under § 1291, nor did the Third Circuit mention any

specific assertions by Plaintiff that it intended to stand on its complaint.

In the motion presently before this Court, Defendants argue that the Third Circuit's decision to exercise its jurisdiction under § 1291 necessitates a finding that Plaintiff elected to stand on his complaint. Plaintiff asserts that "Defendants do not cite to any cases where a party's claims are dismissed as res judicata because the party reasserts such claims after an unsuccessful appeal of a dismissal based on jurisdictional grounds." (Pl.'s Br. at 8.)

It is well-settled that if a plaintiff chooses to stand on his complaint, an appellate court may exercise jurisdiction over a dismissal without prejudice under § 1291, thereby converting the dismissal into one with prejudice. However, to this Court's knowledge no court has specifically stated that the converse is true, which is to say that if a court of appeals exercises jurisdiction over a district court's order dismissing a case without prejudice, it necessarily follows that the plaintiff stands on his complaint or that the dismissal is otherwise deemed to be converted to one with prejudice.

In determining whether such is the case, however, this Court must look to the implications of its decision. Specifically, this Court must find one of two possible scenarios to be true: either the Third Circuit erred in granting appellate jurisdiction under § 1291, or it did so upon proper grounds, specifically determining that Plaintiff was unable to correct the deficiencies in his Complaint or that Plaintiff chose to stand on his Complaint. This Court is unwilling to conclude that the Third Circuit's exercise of its appellate jurisdiction was erroneous; therefore, this Court is bound to conclude that for the Third Circuit to have validly exercised jurisdiction pursuant to § 1291, it must have opted to treat this Court's December 10, 2004 Order as one which dismissed Plaintiff's action with prejudice, presumably based on a finding that Plaintiff was unable to cure the Complaint's deficiencies or because Plaintiff had elected to stand on its

Complaint.  While this Court's prior Order did not technically address the merits of Plaintiff's

claims, the Third Circuit's implicit finding that the dismissal is with prejudice leads to the

conclusion that this Court's prior dismissal is  nonetheless to be treated as having been based on

the prior action's substantive merits.  See Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir.

1972) ("Dismissal with prejudice constitutes an adjudication of the merits as fully and

completely as if the order had been entered after trial.") (citing Lawlor v. Nat'l Screen Serv.

Corp., 349 U.S. 322, 327 (1955)).   Accordingly, this Court must now hold that this prior

dismissal is entitled to the effects of res judicata, therefore precluding this Court from

considering the action now pending before it.


**IV.     CONCLUSION**

        Based on the foregoing reasoning, this Court will grant Defendants' motion for summary

judgment.[1]  The accompanying Order shall issue today.



Dated: June 18, 2007                                     s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge

---

        [1]  This Court notes that Plaintiff and Third-Party Defendant Susan Freedman have moved
for dismissal of Defendants' counterclaims and crossclaims against them, respectively.  Given
this Court's holding today, this Court will dismiss without prejudice Defendants' counterclaims
and crossclaims and deny without prejudice Plaintiff's motion and Third-Party Defendant's
motion as moot.  If Defendants wish to have their claims reinstated, they are to notify this Court
within thirty (30) days of this Opinion and Order.