[Doc. No. 61]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| S. FREEDMAN AND COMPANY INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v.   : | Civil No. 06-3723 (RBK) |
| : | |
| MARVIN RAAB et. al., : | |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

_____This matter is before the Court on the "Motion for a Stay of Proceedings Pending Appeal" [Doc. Nos. 61, 65, 66], filed by Jeffrey Cohen, Esquire, counsel for Defendants/Counterclaim Plaintiffs, Marvin Raab and Raab Enterprises f/k/a Philadelphia Foods, Inc.  Defendants seek a stay of all proceedings pending a request for a certification pursuant to Fed. R. Civ. P. 54(b) and an appeal to the Third Circuit Court of Appeals of the June 18, 2007 Order granting summary judgment in Defendants' favor and dismissing Plaintiff's claims. Plaintiff/Counterclaim Defendant, S. Freedman and Company ("FreedCo") and Third-Party Defendant, Susan Freedman oppose Defendants' Motion [Doc. No. 63].  For the reasons set forth below,  Defendants' Motion to Stay is DENIED.

**Background**

FreedCo filed its complaint on March 5, 2004.  The parties' dispute centers on an agreement entered into by FreedCo and Marvin Raab, on behalf of Philadelphia Foods, under which FreedCo would facilitate the sale of Philadelphia Foods in exchange for a fee. (Cmplt. ¶¶

16-17).  FreedCo alleges that Raab and Philadelphia Foods (collectively "Defendants") have failed to pay FreedCo its fee upon its completion of the agreement. (Cmplt. ¶ 30).   FreedCo asserted claims of breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, and quantum meruit against Defendants.   The Honorable Robert B. Kugler dismissed the action for lack of subject matter jurisdiction on December 10, 2004. [C.A. No. 04-1119,  Doc. No. 15].  FreedCo sought reconsideration of the order, which the Court denied on August 2, 2005.  [C.A. No. 04-1119,  Doc. No. 17].  FreedCo then appealed to the Third Circuit, which affirmed the dismissal of Plaintiff's complaint.

On June 12, 2006, FreedCo filed a second complaint in New Jersey state court, asserting the same claims that Judge Kugler dismissed.  Thereafter, Defendants removed the case to federal court on the basis of diversity jurisdiction.  [Doc. No. 1].  In their answer to Plaintiff's second complaint, Defendants asserted counterclaims against FreedCo and third-party claims against Susan Freedman alleging breach of contract and negligence. [Doc. No. 3].  Defendants also asserted the affirmative defense that Plaintiff's claims were barred by *res judicata* and later moved for summary judgment on this ground.  On June 18, 2007, Judge Kugler granted Defendants' motion for summary judgment. [Doc. No. 25].  Therefore, the only viable claims remaining in the case are Defendants' counterclaims and third-party claims.  Freedman and FreedCo filed motions to dismiss Defendants' claims.  [Docs. 50 and 51].  These motions remain outstanding.

On July 16, 2007, FreedCo filed a Notice of Appeal of the Court's June 18, 2007 Order granting Defendants' motion for summary judgment. [Doc. No. 26].  On March 5, 2008, the Third Circuit dismissed FreedCo's appeal for lack of appellate jurisdiction because Defendants'

claims against FreedCo and Freedman were still pending in this court.

The proceedings in this case have been stayed on three prior occasions: first, on August 28, 2007 pending the Third Circuit's decision on FreedCo's appeal of the June 18, 2007 Order; second, on March 24, 2008 in anticipation of a conference with this Court; and third, on April 11, 2008 pending the completion of settlement negotiations, which ultimately proved unsuccessful. On June 11, 2008, counsel for Defendants informally requested that this Court again stay the case. This Court denied that request and lifted the April 11, 2008 stay.

In conformance with the Court's Amended Scheduling Order [Doc. No. 49] the parties were required to serve initial disclosures and discovery requests by July 15, 2008. Discovery responses were due on September 4, 2008, and were produced by Freedman and FreedCo. On that date, Defendants failed to provide their responses and instead filed the Motion to Stay currently before this Court. Discovery is scheduled to close on October 31, 2008.

**Discussion**

The stay of a civil proceeding is an extraordinary remedy. Walsh Securities, Inc. v. Cristo Property Management, Ltd., 7 F. Supp. 2d 523, 526 (D.N.J. 1998). However, a court has the discretion to stay a case if the interests of justice so require. U.S. v. Kordel, 397 U.S. 1, 12 n. 27 (1970). In deciding whether to stay an action, the court must "weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 255 (1936). The court should consider whether the stay would prejudice the non-moving party and if it would further the interest of judicial economy. Ford Motor Credit Co. v. Chiorazzo, 529 F. Supp. 2d 535, 542 (D.N.J. 2008) (Irenas, J.) (denying motion to stay, finding that plaintiff would be prejudiced); see also Gerald Chamales Corp. v. Oki Data Americas, Inc., 247 F.R.D. 453 (D.N.J. 2007)

(Schneider, J.) (denying motion for a stay of discovery, finding that non-moving party would be prejudiced).  The burden is on the party requesting the stay to "make out a clear case of hardship or inequity in being required to go forward . . ." Landis, 299 U.S. at 255.  The moving party "must state a clear countervailing interest to abridge a party's right to litigate." CTF Hotel Holdings, Inc. v. Marriot Int'l, Inc., 381 F.3d 131, 139 (3d Cir. 2004) (denying stay finding no hardship where moving party argued it would be forced to defend itself twice).

In its discretion, this Court denies Defendants' Motion to Stay because it is (1) based on speculative premises (2) untimely and (3) prejudicial to FreedCo and Freedman.  Additionally, Defendants have not met their burden under Landis; that is, they have not shown that they would face hardship or inequity if required to move forward with the litigation.

Defendants surmise that if a stay is granted FreedCo could seek certification of the District Court's decision, and if granted, appeal directly to the Third Circuit.  (Br. at 11).  These contingencies are too speculative on which to base the extraordinary remedy of granting a stay.  There is simply no assurance that the Third Circuit will hear an appeal.  See Gerardi v. Pelullo, 16 F.3d 1363, 1368 (3d Cir. 1994) ("[W]e directed the parties to brief the finality issue, notwithstanding their agreement that the certification was proper, for we consider the validity of a Rule 54(b) certification ourselves.").  Further, Defendants' request for a stay is based upon Rule 54(b) certification which may not even occur;  it is Plaintiff, not Defendants, who would request the certification.  To date Plaintiff has not moved for certification and presumably has no interest in so moving.

Defendants' Motion, filed the day their discovery responses were due, is also untimely.  Defendants argue that the proceedings should be stayed in the interest of judicial economy. As

stated supra, Defendants assert that if a stay is granted, FreedCo could seek to certify its appeal, and if certification is granted, FreedCo could immediately bring its appeal of the District Court's summary judgment decision before the Third Circuit. According to Defendants, this course of action would avoid the possibility that the parties may have to litigate twice the "similar but not identical" factual issues related to FreedCo's claims and Defendants' counterclaims. (Def. Reply at 5). However, Defendants do not explain why they waited more than six months after the Third Circuit's March 5, 2008 order dismissing FreedCo's appeal, to raise the issue of certification and move for a stay. Within those six months, Defendants have met with this Court on at least two separate occasions: on April 8, 2008 for a status conference and June 12, 2008 for a settlement conference. Defendants have had ample time, earlier in the proceedings, to raise the issues presented in their motion, or alternatively to move to dismiss their claims. Now, less than one month before discovery on their claims is scheduled to conclude, their argument that it is in the interest of judicial economy to stay the proceedings is unconvincing. Defendants chose to assert their claims against FreedCo and Freedman, they must now either pursue the claims or move to dismiss them.

     Granting Defendants' motion to stay would also prejudice Freedman and FreedCo. In Gerald Chamales Corp. v. Oki Data Americas, Inc., defendants moved for a stay of discovery, pending a decision on its motion to dismiss. However, the Oki Data plaintiffs had been proceeding under the assumption that discovery would pursue its normal course. This Court, in Oki Data, therefore denied the stay, finding it would prejudice plaintiffs' trial preparation and strategy. 247 F.R.D. at 455. Here, like the plaintiffs in Oki Data, FreedCo and Freedman have been proceeding according to the court ordered discovery schedule. FreedCo and Freedman

5

served their discovery responses in compliance with this Court's scheduling order.  Defendants, however, waited until the day discovery responses were due to file their Motion for a Stay and failed to serve their own responses, thereby interfering with Freeman and FreedCo's ability to prepare their defenses of the claims currently pending against them.  FreedCo and Freedman are entitled to move forward with their defense in this litigation.

Finally, Defendants have not shown that they would face hardship or inequity if required to move forward with the litigation.  In <u>CTF Hotel Holdings</u>, the Third Circuit affirmed the lower court's denial of a motion for a stay and found no hardship where the moving party's basis for seeking the stay was to avoid being forced to defend itself twice.  381 F.3d at 140.  Here, Defendants assert that if a stay is not granted, and if FreedCo succeeds on appeal after their claims have been tried, then "similar, but not identical factual issues and witnesses . . . would need to be presented twice." (Def. Reply at 5).  However, as the court held in <u>CTF Hotel Holdings</u>, this possibility of duplicity is insufficient to warrant a stay.  Further, it is not inequitable to decline to stay the case since the denial will permit Defendants to pursue the claims they voluntarily chose to assert.

Accordingly, for all the foregoing reasons

IT IS on this 6th day of October 2008 hereby

ORDERED that Defendants' Motion for a Stay of Proceedings Pending Appeal is DENIED.

                                                     /s/ Joel Schneider  
                                                     JOEL SCHNEIDER  
                                                     United States Magistrate Judge